UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOSHUA MILLER, | ) | C/A: 2:25-cv-04071-RMG |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| COASTAL PREMIER HOMES, LLC and JAMES CHARLES LATTIF, individually, | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

Plaintiff, Joshua Miller ("Miller"), through his undersigned counsel, complaining of the acts of Defendants Coastal Premier Homes, LLC ("CPH") and James Charles Lattif, individually, ("Lattif") (CPH and Lattif collectively "Defendants"), alleges as follows:

**NATURE OF CLAIM**

1. This action is brought for unpaid overtime wages, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

**PARTIES, JURISDICTION, and VENUE**

2. Miller realleges each and every allegation contained in Paragraph 1 as if repeated here verbatim.

3. Miller is a citizen and resident of the County of Charleston, State of South Carolina.

4. CPH is a South Carolina corporation maintaining offices and agents and otherwise doing business in the County of Charleston, State of South Carolina.

Complaint
CA:

5. Lattif is a citizen and resident of the County of Charleston, State of South Carolina, and an owner of CPH.

6. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Miller's claims under the FLSA.

7. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claim occurred in this Division, and the Defendants have extensive and deliberate contacts in this Division.

8. Based upon the above, jurisdiction and venue are proper in this court and division.

## **FACTS**

9. Miller realleges each and every allegation contained in Paragraphs 1 through 9 as if repeated here verbatim.

10. Defendants operate a luxury, custom home building business, CPH, which has its headquarters located in Mount Pleasant, South Carolina.

11. Latiff is the President and Chief Executive Officer of CPH. In this position, he exercises operational control over CPH; he has the authority to set the wages and pay for Miller and determines if he were to be paid for overtime hours worked; and, therefore, Latiff is individually liable to Miller.

12. Defendants hired Miller as an employee in 2021 and gave him the title of Purchasing Manager; however, he had actual duties that also carried him outside the office.

13. Throughout Miller's employment, he worked more than forty hours during a workweek. These hours past forty hours in a workweek are generally referred to as "Overtime."

14. Defendants rarely paid Miller any wages for the Overtime hours that he had worked.

Complaint
CA:

## FOR A FIRST CAUSE OF ACTION
### (Violation of Fair Labor Standards Act, 29 U.S.C. § 207
### Failure to Pay Proper Overtime Wage)

15. Miller realleges each and every allegation contained in Paragraphs 1 through 15 as if repeated here verbatim.

16. At all times pertinent to this Complaint, CPH engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

17. At all times relevant to this Complaint, CPH's annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Miller worked in interstate commerce so as to fall within the protection of the FLSA.

18. The business of CPH was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, CPH is subject to, and covered by, the Fair Labor Standards Act.

19. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

20. Defendants failed to pay Miller for overtime hours worked.

21. Defendants have violated the FLSA, 29 U.S.C. § 207.

22. Defendants have no good faith reason for not paying Miller for all overtime hours worked.

23. Defendants' actions were either willful or in reckless disregard of their obligations under the FLSA.

24. As such, Miller seeks to recover from Defendants, for at least three years, the following damages:

    a. actual damages in the amount of overtime wages due;

    b. liquidated damages of an equal amount;

  c. reasonable attorneys' fees and all the costs of this action; and

  d. an order requiring Defendants to change their compensation policies and practices to comply with the FLSA.

_____
Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
1459 Stuart Engals Blvd., Suite 202
Mount Pleasant, SC 29464
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEY FOR JOSHUA MILLER**

MOUNT PLEASANT, SC
May 15, 2025